85 So.2d 514

**Emile M. DOLL**

v.

**CITY OF NEW ORLEANS.**

No. 42508.

Jan. 16, 1956.

Henry B. Curtis, City Atty., New Orleans, for appellant.

Frank P. Krieger, New Orleans, for plaintiff-appellee.

FOURNET, Chief Justice.

The Orleans Parish Civil Sheriff on September 3, 1954, under order of the Register of the State Land Office and following advertisement offered for sale at public auction two adjoining parcels of land in the City of New Orleans, said land having been adjudicated to the State for the unpaid State and Parish taxes of 1931, and application for its sale at auction having been made to the Register of the State Land Office by the plaintiff, Emile M. Doll, as provided in the case of such unredeemed property by LSA–R.S. 47:2189. Following the plaintiff's bid of the minimum statutory price of $3,300 for the two parcels, there being no other bidders he tendered that amount, stating his understanding to be that he was acquiring the property free and clear of all encumbrances, including paving liens still of record under which the City of New Orleans asserted claims; and upon the Sheriff declining to accept payment under that condition—because of the (then) recent enactment of the Legislature, Act 536 of 1954, providing that if the amount received from the sale of State tax-acquired property should be insufficient to pay the taxes and interest due the State, its parishes and agencies, and municipalities, as well as "the paving liens and interest due the municipalities," then the property was burdened with the obligation to pay the deficiencies, in the order of pref-

erence above mentioned—the plaintiff instituted this proceeding, naming as defendants the City of New Orleans, the Register of the State Land Office, and the Civil Sheriff for the Parish of Orleans, for a declaratory judgment decreeing that the sale by the Sheriff transferred to him a title free and clear of all encumbrances, including paving liens, and that upon his payment of the sum of $3,300, a proces verbal of the sale and adjudication was to be delivered to him, followed in due course by a patent from the State. After a hearing, judgment was rendered for the plaintiff, as prayed, the trial judge being of the opinion that Act 536 of 1954 was unconstitutional in that it was not read on three different days in each house, as required by the Louisiana Constitution of 1921, Article 3, § 24, LSA; and consequently our recent decision in the case of City of New Orleans v. Doll, reported in 224 La. 1046, 71 So.2d 562, was controlling here.[1]

Counsel for the City, in a most perfunctory brief, while admitting that "there is very little to be said in the matter," argue, without citing any authority, that "the requirement of reading every bill on three different days in each house is directory and not mandatory." In view of the plain and mandatory language of Article 3, § 24 of the Constitution,[2] comment would be superfluous.

For the reasons assigned, the judgment appealed from is affirmed.

1. The purpose of Act 536 of 1954 was to amend and reenact LSA–R.S. 47:2190, dealing with the disposition of the proceeds of sales of immovable property previously adjudicated to the State. In the case of City of New Orleans v. Doll, cited in the text, we held that LSA–R.S. 47:2190, under the provisions of which a purchaser of unredeemed property sold by the State became vested with a clear and unencumbered title (and unsatisfied claims became extinguished if the proceeds of the sale were insufficient to liquidate charges and claims), expressly repealed opposing provisions of the charter of the City of New Orleans, under which liens on property adjudicated to the City or State for unpaid taxes continued in force until fully paid and satisfied; and therefore that the purchaser of land located in the City of New Orleans, previously adjudicated to the State for unpaid taxes, took title free of a paving lien imposed by the City prior to the State's acquisition of the property.

2. Article 3, § 24, Louisiana Constitution of 1921, provides, in pertinent part, "Every bill shall be read on three different days in each house, * * *."